UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| FIRST GUARD, | ) *Electronically Filed* |
| | ) **CASE NO.1:24-cv-00115-GNS-HBB** |
| PLAINTIFF, | ) |
| VS. | ) |
| ABDULLAHI SAMATAR, KEVIN SUMERALL, BULLDOG NATIONAL RISK RETENTION GROUP, INC., LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, AND GOLDEN TRUCKING, INC. | ) |
| DEFENDANT | ) |
| and | ) |
| FIRST GUARD | ) |
| INTERVENING PLAINTIFF | ) |
| VS. | ) |
| ABDULLAHI SAMATAR<br>   Serve:  Abdullahi Samatar<br>           2343 Laurel Wood Dr.<br>           Columbus, OH, 43229 | ) |
| and | ) |
| KEVIN SUMERALL<br>   Serve:  Lindsey C. Goetz, Esq.<br>           Dixie Law Group, PSC<br>           4919 Dixie Highway, Suite B<br>           Louisville, KY 40216 | ) |
| and | ) |
| BULLDOG NATIONAL RISK RETENTION GROUP, INC.<br>   Serve:  Bulldog National Risk<br>           Retention Group, Inc.<br>           6752 Rock Spring Rd., Ste. 310<br>           Wilmington, NC 28405 | ) |

|  |  |
|---|---|
| and | ) |
|  | ) |
| LIBERTY MUTUAL PERSONAL | ) |
| INSURANCE CO. | ) |
|    Serve: Liberty Mutual Personal Insurance Co. | ) |
|          175 Berkeley Street | ) |
|          Boston, MA 02116 | ) |
|  | ) |
| and | ) |
|  | ) |
| GOLDEN TRUCKING, INC. | ) |
|    Serve: Golden Trucking, Inc. | ) |
|          2324 E 32nd St., Apt. 233 | ) |
|          Minneapolis, MN 55406 | ) |
|  | ) |
|    INTERVENING DEFENDANTS | ) |
|  | ) |

**INTERVENING PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Intervening Plaintiff, First Guard, by counsel, and for its Complaint for Declaratory Judgment against the Defendants, Abdullahi Samatar, Kevin Sumerall, Bulldog National Risk Retention Group, Inc., and Golden Trucking Inc. states the following:

**NATURE OF THE ACTION**

1. First Guard brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations, if any, under First Guard Policy No. FGNTOH000001-537 ("Policy") issued to Abdullahi Samatar. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

2. In this action, First Guard seeks a judgment declaring that coverage under the Policies is precluded by virtue of various Policy provisions and exclusions.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over the defendants.

4. Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

**PARTIES**

6. The Plaintiff, First Guard, is a Florida corporation with its principal place of business in the State of Florida. First Guard's principal place of business is located at 240 Nokomis Ave., South Venice, FL 34285. First Guard is deemed a resident of the State of Florida for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

7. The Defendant, Abdullahi Samatar, is an individual and is deemed a resident of the State of Ohio for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332. Abdullahi Samatar's address for service of process is 2343 Laurel Wood Dr., Columbus, OH, 43229.

8. Upon information and belief, the Defendant, Kevin Sumerall, is an individual and is deemed a resident of the State of Georgia for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332. Kevin Sumerall may be served through his attorney, Lindsey C. Goetz, Esq. at 4919 Dixie Highway, Suite B, Louisville, Kentucky 40216

9. The Defendant, Bulldog Risk Retention Group, is a North Carolina corporation with its principal place of business in the State of North Carolina. Bulldog's principal place of business is located at 6752 Rock Spring Rd., Ste. 310, Wilmington, NC 28405. Bulldog is deemed

a resident of the State of North Carolina for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1). Bulldog National Risk Retention Group formerly operated under the name American Transportation Group Insurance.

10. The Defendant, Liberty Mutual Personal Insurance Co., is a Massachusetts corporation with its principal place of business in the Commonwealth of Massachusetts and is authorized to do, and does, transact business within the Commonwealth of Kentucky. Liberty Mutual's principal place of business is located at 175 Berkeley Street, Boston, MA 02116. Liberty Mutual is deemed a resident of the Commonwealth of Massachusetts for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

11. The Defendant, Golden Trucking, Inc., is a Minnesota corporation with its principal place of business in the State of Minnesota and is authorized to do, and does, transact business within the Commonwealth of Kentucky. Golden Trucking's principal place of business is located at 2324 E 32nd St., Apt. 233, Minneapolis, MN 55406. Golden Trucking is deemed a resident of the State of Minnesota for purposes of jurisdiction under the provisions of 28 U.S.C. § 1332(c)(1).

## FACTS

12. On August 4, 2023, Kevin Sumerall filed an action in Simpson Circuit Court against Abdullahi Samatar, among others. On September 6, 2023, Defendant Golden Trucking removed this action to federal court.

13. This Complaint alleged negligence and negligence per se against Defendants Samatar and Golden Trucking LLC arising from a motor vehicle accident that occurred on August 10, 2020.

14. Defendant Golden Trucking, Inc., employed Abdullahi Samatar at the time of the accident.

15. Abdullahi Samatar was acting at the direction of Golden Trucking, Inc., and was in the course and scope of said employment when the accident occurred. Affidavit of Abdullahi Samatar attached as **Exhibit B**.

16. Defendant Golden Trucking was insured by American Transportation Group Insurance, now Bulldog National Risk Retention Group, at the time of the accident.

17. As a driver for Golden Trucking, Abdullahi Samatar was covered by Golden Trucking's insurance when acting in the course and scope of its business, as he was doing on the date and time of the accident that is the subject matter of this litigation.

18. In addition to this insurance, Abdullahi Samatar also maintained a trucker nontrucking liability insurance policy with First Guard, policy no. FGNTOH000001-537. This policy is attached hereto as **Exhibit A**.

19. Upon the filing of this lawsuit, Abdullahi Samatar sought indemnification from Golden Trucking's insurance, while also notifying First Guard of the lawsuit. Though Bulldog initially represented to First Guard that it would provide a defense for Mr. Samatar, Bulldog later declined to provide a defense or indemnify Mr. Samatar.

20. Abdullahi Samatar then sought coverage under the First Guard policy. First Guard denied coverage since to Mr. Samatar was operating for the business of Golden Trucking at the time of the subject accident. Upon learning that Bulldog had denied coverage, First Guard nevertheless agreed to defend Mr. Samatar under reservation of rights. The Reservation of Rights Letter is attached hereto as **Exhibit C**.

## COUNT I

21. First Guard reiterates and incorporates by reference each and every averment contained within the previous paragraphs of this Complaint for Declaratory Judgment as if set forth fully herein.

22. Because the claimed loss arose while Abdullahi Samatar was operating his truck for an economic or business purpose and under the direction of Golden's dispatch,[1] the nontrucking policy with First Guard does not provide coverage for the subject accident pursuant to the plain language of the definition of "nontrucking" under the terms of the policy. Said definition explicitly states:

> I. Nontrucking means when a truck is:
>
>> 1. subject to an active permanent lease with a motor carrier and is;
>> 2. either bobtail or deadhead; and is
>> 3. operating solely for personal use and unrelated to any business activity
>
> Nontrucking does not include a truck that:
>
>> a.) is being operated for an economic or business purpose, which includes trips to or from service or maintenance facilities when service or maintenance is an expressed or implied requirement of a permanent lease.
>> b.) is being operated under the expressed or implied management, control, or dispatch (as defined by DOT regulations and case law precedents) of a motor carrier.
>> c.) is in a layover.
>> d.) is returning to the truck's primary garage location subsequent to delivering a load.
>> e.) is returning to the terminal from which the truck customarily obtains hauling assignments.
>> f.) is attached to a trailer loaded with people or property of any type.

23. Therefore, First Guard has no obligations or duties, including but not limited to a duty to defend, duty to indemnify, or duty to extend coverage to any claim that arises out of, concerns, or is otherwise connected with the August 10, 2020 motor vehicle accident.

---

[1] "Policy Definitions," **Exhibit B.**

## **COUNT II**

24. First Guard reiterates and incorporates by reference each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment as if set forth fully herein.

25. First Guard reserves the right to deny any and/or all claims that have been made, or which may be made in the future, if First Guard later determines that said claims are not covered or otherwise excluded under any provision of the Policy, including but not limited to the terms, conditions, exclusions, and/or other provisions of the Policies not specifically set forth herein.

26. First Guard specifically reserves the right to assert any term, condition, exclusion, and/or provision of any other insurance policy issued to or otherwise providing coverage to any person or vehicle who seeks to assert a claim arising out of, concerning, or connected to the August 10, 2020 motor vehicle accident or the policy maintained by Abdullahi Samatar.

WHEREFORE, the Plaintiff, First Guard, prays the Court as follows:

1. For entry of a Declaratory Judgment from this Court determining the rights and other legal obligations of the Plaintiff, First Guard, arising under the aforementioned Policies in favor of First Guard;

2. Declaring that Defendant Sumerall's claims do not fall within the applicable policy;

3. For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

4. For trial of this cause by jury; and

5. For any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC

_____
Melissa Thompson Richardson
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:   (859) 219-9090
Facsimile:    (859) 219-9292
Email:          Melissa@RichardsonLawGrp.com
COUNSEL FOR PLAINTIFF,
FIRST GUARD

**CERTIFICATE OF SERVICE**

On  May 31 , 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_____
COUNSEL FOR PLAINTIFF,
FIRST GUARD

7697.008314C:\NRPortbl\Golden_and_Walters\SHALL\2418095_1.docx