UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| KEVIN SUMERALL | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.1:24-CV-00115-GNS-HBB |
| v. | ) |
| | ) |
| GOLDEN TRUCKING, INC., | ) |
| ABDULLAHI SAMATAR, and | ) |
| LIBERTY MUTUAL PERSONAL | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants | ) |
| | ) |
| and | ) |
| | ) |
| FIRST GUARD | ) |
| | ) |
| Intervening Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ABDULLAHI SAMATAR, KEVIN | ) |
| SUMERALL, BULLDOG NATIONAL | ) |
| RISK RETENTION GROUP, INC., | ) |
| LIBERTY MUTUAL PERSONAL | ) |
| INSURANCE CO., and GOLDEN | ) |
| TRUCKING, INC. | ) |
| | ) |
| Intervening Defendants. | ) |
| | ) |

**BULLDOG NATIONAL RISK RETENTION GROUP, INC.'S ANSWER TO INTERVENING COMPLAINT AND COUNTERCLAIM AND CROSSCLAIM FOR DECLARATORY JUDGMENT**

Defendant Bulldog National Risk Retention Group, Inc. ("Bulldog") by and through counsel, and for its Answer to Intervening Complaint of First Guard, states as follows:

1. Bulldog denies that First Guard is entitled to the relief it seeks in Paragraph 1 of its Intervening Complaint.

2. Bulldog denies that First Guard is entitled to the relief it seeks in Paragraph 2 of its Intervening Complaint.

3. Paragraph 3 of First Guard's Intervening Complaint states legal conclusions upon which no response is required. To the extent a response is required, Bulldog denies for want of knowledge those allegations.

4. Paragraph 4 of First Guard's Intervening Complaint states a legal conclusion upon which no response is required. To the extent a response is required, Bulldog denies for want of knowledge those allegations.

5. Paragraph 5 of First Guard's Intervening Complaint states a legal conclusion upon which no response is required. To the extent a response is required, Bulldog denies for want of knowledge those allegations.

6. Bulldog denies for want of knowledge the allegations contained within Paragraph 6 of First Guard's Intervening Complaint.

7. Paragraph 7 of First Guard's Intervening Complaint states a legal conclusion upon which no response is required insofar as Defendant, Abdullahi Samatar's residence status and corresponding jurisdictional elements. To the extent a response is required, Bulldog denies for want of knowledge. Bulldog denies for want of knowledge the remaining allegations contained therein.

8. Bulldog denies for want of knowledge the allegations contained within Paragraph 8 of First Guard's Intervening Complaint.

9. Paragraph 9 of First Guard's Intervening Complaint states a legal conclusion upon which no response is required insofar as Bulldog's residency status and corresponding jurisdictional elements. To the extent a response is required, Bulldog denies for want of knowledge. Bulldog admits the remaining allegations contained therein.

10. Bulldog denies for want of knowledge the allegations contained within Paragraph 10 of First Guard's Intervening Complaint.

11. Bulldog admits the allegations contained within Paragraph 11 of First Guard's Intervening Complaint.

12. Bulldog denies for want of knowledge the allegations contained within Paragraph 12 of First Guard's Intervening Complaint as it was not a party thereto.

13. Bulldog denies for want of knowledge the allegations contained within Paragraph 13 of First Guard's Intervening Complaint as it was not a party thereto.

14. Bulldog denies the allegations contained within Paragraph 14 of First Guard's Intervening Complaint.

15. Bulldog denies the allegations contained within Paragraph 15 of First Guard's Intervening Complaint.

16. Bulldog admits the allegations contained within Paragraph 16 of First Guard's Intervening Complaint.

17. In response to Paragraph 17 of First Guard's Intervening Complaint, Bulldog admits that Abdullahi Samatar was covered by Golden Trucking's insurance with Bulldog when acting in the course and scope of his role as a driver for Golden Trucking, however Bulldog denies that Abdullahi Samatar was acting in the course and scope of his role as a driver for Golden Trucking on the date and time of the subject accident.

18. Bulldog denies for want of knowledge the allegations contained within Paragraph 18 of First Guard's Intervening Complaint.

19. Bulldog denies for want of knowledge the allegations contained within Paragraph 19 of First Guard's Intervening Complaint insofar as whether Abdullahi Samatar notified First Guard of the subject lawsuit, but denies the remaining allegations contained therein.

20. Bulldog denies for want of knowledge the allegations contained within Paragraph 20 of First Guard's Intervening Complaint.

21. Bulldog adopts and incorporates by reference its responses to Paragraphs 1 – 21 of First Guard's Intervening Complaint as if fully restated herein.

22. In response to Paragraph 22 of First Guard's Intervening Complaint, Bulldog states that the terms and conditions of First Guard's policy speak for themselves. Bulldog denies the remaining allegations contained therein.

23. Bulldog denies the allegations contained within Paragraph 23 of First Guard's Intervening Complaint.

24. Bulldog adopts and incorporates by reference its responses to Paragraphs 1 – 23 of First Guard's Intervening Complaint as if fully restated herein.

25. Paragraph 25 of First Guard's Intervening Complaint does not require a response. To the extent a response is required, Bulldog denies for want of knowledge the allegations contained therein.

26. Paragraph 26 of First Guard's Intervening Complaint does not require a response. To the extent a response is required, Bulldog denies for want of knowledge the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Bulldog denies each and every allegation contained in First Guard's Intervening Complaint not specifically admitted herein.

2. The allegations contained in First Guard's Intervening Complaint fail to state a claim as to Bulldog upon which relief can be granted.

3. First Guard's claim for relief is barred as a result of Abdullahi Samatar's operation of his truck solely for personal use and unrelated to any business activity with Golden Trucking on the date of the subject accident.

4. Bulldog intends to rely on any other affirmative defenses that may become available or apparent during discovery and expressly reserves the right to amend this Answer to assert any such defenses as may be warranted.

## COUNTERCLAIM AND CROSSCLAIM FOR DECLARATORY JUDGMENT AGAINST FIRST GUARD AND ABDULLAHI SAMATAR

Defendant/Counterclaimant/Crossclaimant, Bulldog National Risk Retention Group, Inc. fka American Transportation Group Insurance ("Bulldog"), through counsel, and for its Counterclaim against First Guard and Crossclaim against Abdullahi Samatar ("Samatar") for declaratory judgment, hereby alleges as follows:

## NATURE OF THE ACTION

1. This matter arises out of a dispute between Bulldog and First Guard over who owes coverage to Samatar under their respective policies of insurance as a result of a collision between Samatar and underlying Plaintiff, Kevin Sumerall ("Sumerall"), on August 10, 2020.

2. Bulldog brings its Counterclaim and Crossclaim against First Guard and Samatar pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations, if any, under Policy No. ATG-MN-0055859-19 ("Policy") issued to Defendant Golden

Trucking, Inc. ("Golden Trucking"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

### FACTS

3. Bulldog issued a Commercial Auto Liability Policy to Defendant, Golden Trucking, Inc. ("Golden Trucking"), on December 4, 2019 for a coverage period of December 6, 2019 to December 6, 2020 under Policy No. ATG-MN-0055859-19 ("Policy").

4. On April 20, 2020, Samatar entered into a Lease Agreement with Golden Trucking whereby Samatar, as owner, agreed to lease to Golden Trucking his 2012 Freightliner Cascadia tractor truck (the "Tractor") for purposes of "loading, transporting and unloading freight" on behalf of Golden Trucking. A true and accurate copy of the Lease Agreement is attached hereto as **Exhibit B**.

5. Thereafter, by Endorsement, Samatar and the Tractor were added to Golden Trucking's Policy with Bulldog.

6. At times when Samatar was operating the Tractor for "loading, transporting and unloading freight" on behalf of Golden Trucking, Samatar and the Tractor were covered by the Policy issued to Golden Trucking.

7. However, at times that Samatar was not "loading, transporting and unloading freight" on behalf of Golden Trucking, Samatar maintained a separate trucker nonliability insurance policy for the Tractor with First Guard under policy no. FGNTOH000001-537.

8. On or about June 9, 2020, Samatar left the country giving no indication to Golden Trucking as to when or if he would return.

9. In fact, prior to leaving the country, Samatar returned the GPS tracker issued by Golden Trucking at or around the time the Lease Agreement was executed which had been placed

6

in the Tractor and used by Golden Trucking to determine Samatar's hours of service, location, and ultimately his pay while working for Golden Trucking.

10. On August 10, 2020, Golden Trucking had no knowledge that Samatar had returned to the United States as Samatar had not communicated that fact to Golden Trucking.

11. As such, Samatar was not in the process of "loading, transporting and unloading freight" on behalf of Golden Trucking on August 10, 2020 nor was Samatar acting under the direction of Golden Trucking or operating the Tractor in the course and scope of the Lease Agreement with Golden Trucking.

12. Instead, on August 10, 2020, Samatar was operating the Tractor in bobtail (no trailer) for his own benefit and use at the time of the collision with Plaintiff, Kevin Sumerall ("Sumerall").

13. Sometime after the filing of the underlying lawsuit initiated by Sumerall, Samatar sought coverage from Bulldog as a result of the collision which was denied by Bulldog due to the fact that Samatar was not working for Golden Trucking at the time of the collision and had not worked for Golden Trucking since June 9, 2020. A copy of Bulldog's coverage denial is attached hereto as **Exhibit C**.

## COUNT I

14. Bulldog realleges and incorporates by reference each and every allegation set forth above as if fully restated herein.

15. The Policy does not provide coverage during any time that falls in the category of "Completed Operations." The Completed Operations exclusion explicitly states:

> Completed Operations
>
> "Bodily injury" or "property damage" arising out of "your work" after that work has been completed or abandoned.

7

In the exclusion, your work means:

a) Work or operations performed by you or on your behalf; and
b) Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph a. or b. above.

Your work will be deemed completed at the earliest of the following times:

1. When all of the work called for in your contract has been completed;
2. When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or
3. When that part of the work done at a job site has been put to its intended use by a person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement but which is otherwise complete, will be treated as completed.

16. Therefore, because Samatar had completed all "work" for Golden Trucking on or about June 9, 2020, Bulldog has no obligation or duty under the Policy, including but not limited to a duty to defend, duty to indemnify, or duty to extend coverage to any claim that arises out of, concerns, or is otherwise connected with the August 10, 2020 collision.

17. Further, as Samatar was not on duty with Golden Trucking at the time of the accident, no coverage exists under the Policy.

18. Because Samatar was using and operating the Tractor for his own benefit on August 10, 2020, coverage should exist under the First Guard policy.

19. An actual cause and justiciable controversy exists between Bulldog and First Guard as to the duties and obligations, if any, under the respective policies of Bulldog and First Guard.

20. A judicial declaration is necessary and appropriate to determine the rights and duties of the parties.

21. By reason of the foregoing, Bulldog seeks a declaration that it has no obligation or duty under the Policy, including but not limited to a duty to defend, duty to indemnify, or duty to extend coverage to any claim that arises out of, concerns, or is otherwise connected with the August 10, 2020 collision.

WHEREFORE, Bulldog respectfully demands as follows:

1. That First Guard's Intervening Complaint against it be dismissed with prejudice;

2. A declaration that Bulldog has no obligation or duty to defend, indemnify, or extend coverage to Samatar under the Policy as a result of the August 10, 2020 collision;

3. For its costs herein expended, including reasonable attorney's fees; and

4. For any and all other relief, legal, or equitable to which it may appear entitled.

Respectfully submitted,

*s/ Matthew A. Taulbee*
Matthew A. Taulbee (91272)
Reminger Co., LPA
250 Grandview Drive, Suite 550
Ft. Mitchell, KY 41017
Phone: (859) 426-3667
mtaulbee@reminger.com
*Counsel for Bulldog National Risk Retention Group, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that I filed a copy of the foregoing with the Court's electronic filing system on this 29th day of September, 2024, which will deliver copies to all counsel of record.

                                                  */s/ Matthew A. Taulbee*
                                                  Matthew A. Taulbee